FILED

APR 11 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  Cameron W. Carr (SBN 258884)
2  Legal Helpers, P.C.
   260 California Street, Suite 801
3  San Francisco, CA 94111
   Telephone: 866-339-1156
4  Fax: 415-986-1850
   Email: cwc@legalhelpers.com
5  *Attorney for Plaintiff*

6

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

**C11-01767**

9  Angielenna Jones                    Case No.:

10
       Plaintiff,
11                                      Judge:

12  v.                                  **COMPLAINT FOR DAMAGES**
                                        **UNDER THE FAIR DEBT**
13  Scott Lowery Law Offices, P.C.      **COLLECTION PRACTICES ACT AND**
                                        **OTHER EQUITABLE RELIEF**
14       Defendant.

15                                      **JURY DEMAND ENDORSED HEREIN**
16

17
                           **PARTIES**
18

19  1.  Plaintiff is a natural person who resided in Oakland, California at all times relevant to this

20      action.

21  2.  Defendant is a Colorado Corporation that maintained its principal place of business in

22      Denver, Colorado at all times relevant to this action.
23
                        **JURISDICTION AND VENUE**
24

25  3.  Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it

26      arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

27  4.  Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events
28
        giving rise to this claim occurred in this judicial district.

                              Complaint - 1

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Bank of America, which had been incurred for personal rather than commercial purposes.

10. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around May 22, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

14. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment, that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff, and requested that the Defendant contact her at home.

15. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt again, on or around May 24, 2010.

16. During this communication, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment, that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff, and requested that the Defendant call her at home.

17. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt again, on or around May 26, 2010 at 9:03am.

18. During this communication, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment, that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff, and requested that the Defendant call her at home.

19. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt again, on or around May 26, 2010 at 9:09am.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

23. In support hereof, Plaintiff incorporates paragraphs 13-19 as if specifically stated herein.

### JURY DEMAND

24. Plaintiff demands a trial by jury.

Complaint - 3

1     **PRAYER FOR RELIEF**

2     25. Plaintiff prays for the following relief:

3         a.  Judgment against Defendant for actual damages, statutory damages, and costs and
4
5             reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

6         b.  For such other legal and/or equitable relief as the Court deems appropriate.

7

8                                 RESPECTFULLY SUBMITTED,

9
                                  Legal Helpers, P.C.
10
                                  By:
11                                    Cameron W. Carr (SBN 258884)
                                      Legal Helpers, P.C.
12                                    260 California Street, Suite 801
13                                    San Francisco, CA 94111
                                      Telephone: 866-339-1156
14                                    Fax: 415-986-1850
                                      Email: cwc@legalhelpers.com
15                                    *Attorney for Plaintiff*
16

17

18

19

20

21

22

23

24

25

26

27

28

                                  Complaint - 4